David S. Gingras, #021097
**Gingras Law Office, PLLC**
4802 E. Ray Road, #23-271
Phoenix, AZ 85044
Tel.: (480) 264-1400
Fax: (480) 248-3196
David@GingrasLaw.com

Howard Neu, Esq. (*Pro Hac Vice*)
FLA BAR NO. 108689
Law Office of Howard Neu, P.A.
4839 S.W. Volunteer Road, Suite 512
Southwest Ranches, FL 33330
Tel.: (954) 662-1816
Fax: (954) 337-2324
Primary: howard@neulaw.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Mira Holdings, Inc,<br>A Minnesota Corporation,<br><br>　　　　Plaintiff,<br><br>v.<br><br>UHS of Delaware, Inc., a Delaware corporation,<br><br>　　　　Defendant. | Case No.2:23-cv-PHX-MTL<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>**[1] DECLARATORY RELIEF LANHAM ACT, 15 U.S.C. §1114(2)(D)(iv) and §1125 (a);**<br>**and**<br>**[2] REVERSE DOMAIN NAME HIJACKING ANTICYBERSQUATTING CONSUMER PROTECTION ACT,**<br>**15 U.S.C. § 1114](2)(D)(v) and §1125(d)** |

Plaintiff, Mira Holdings, Inc ("Mira Holdings" or "Plaintiff"), files this, its First Amended Complaint against UHS of Delaware, Inc., Inc. ("UHS" or "Defendant"), and alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil action for Declaratory Judgment under the Lanham Act, 15 U.S.C. §§ 1114(a) and 1125(a); and reverse domain name hijacking in violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. §1114(2)(D)(v).

2. This Court has personal jurisdiction over Defendant as Defendant has consented to jurisdiction by this court in selecting "Registrar" as "Mutual Jurisdiction" with the World Intellectual Property Organization (WIPO) in accordance with Paragraph 3(b)(xii) of the Uniform Domain Dispute Resolution Policy (UDRP) of the International Committee of Assigned Names and Numbers (ICANN).

3. Venue in this Court exists as the office of the Registrar of the domain name, GoDaddy.com, LLC. is located in Scottsdale, Maricopa County, Arizona, and, pursuant to 28 U.S.C. § 1391(b)(1) and (c), as under subsection (b)(2) because a substantial part of the events giving rise to the claims alleged in this Complaint occurred in this District.

## PARTIES

4. Plaintiff, Mira Holdings, Inc, is a Minnesota Corporation with its office at 2751 Hennepin Avenue, Suite 159, Minneapolis, Minnesota 55408.

5. On information and belief, Defendant, UHS of Delaware, Inc., is a Delaware Corporation having its principal place of business at 367 South Gulph Road, King of Prussia, Pennsylvania 19406.

## NATURE OF THE CONTROVERSY

6. This is an action for Declaratory Judgment and certain other statutory remedies under the Trademark laws of the United States and the Anticybersquatting Consumer Protection Act ("ACPA") 15 U.S.C. §1125(d). The Plaintiff is the registrant of the internet domain name **ProminenceHealth.com.** The domain name has been "locked" by the registrar, GoDaddy.com, and is at immediate risk of being transferred

GINGRAS LAW OFFICE, PLLC
4802 E. RAY ROAD, #23-271
PHOENIX, AZ 85044

away from Plaintiff by, and as a result of, the actions of Defendant, which claims trademark rights and certain other rights with respect to the term and the domain name **ProminenceHealth.com**.  The Plaintiff seeks a determination by this court that the Plaintiff's registration and/or use of **ProminenceHealth.com** is not, and has not been in violation of the ACPA and that Plaintiff's use of **ProminenceHealth.com** constitutes neither an infringement, a threat of dilution of Defendant's trademark, nor a violation of the ACPA.

**FACTS COMMON TO ALL CLAIMS OF RELIEF**

7.  This case involves "reverse domain name hijacking," which occurs when an individual or an entity may allege that it is the owner of a trademark and assert spurious claims of trademark infringement and trademark dilution against the owner of a domain name whose chosen domain name is similar or identical to the registered trademark. Defendant is attempting to wrest control of Plaintiff's domain name by asserting baseless allegations of trademark infringement, trademark dilution and cybersquatting.

8.  Plaintiff is in the business of acquiring and using for business purposes, various generic domain names as and when they become available, for leasing, sale or email services.

9.  The disputed Domain Name **ProminenceHealth.com** was originally purchased by the Plaintiff for a cost of $755 in 2021.  Pursuant to his business plan, Plaintiff purchased and registered the domain name on or about April 15, 2021, in good faith at which time (and at all times subsequent thereto) he believed and has had reasonable grounds to believe that the use of the domain name was a fair use or otherwise lawful, and has "parked" it with a reputable monetizer, Bodis.com, since acquisition. Bodis.com does not permit the Plaintiff to exercise any control over the parking services provided by Bodis.com.

10. Plaintiff is in the business of registering domain names and using them for email addresses or sale or lease; is the registrant of many generic domain names and has accumulated over 1,000 generic names that are used in this manner.

11.     Plaintiff started investing in domain names about 10 years ago. "CooperativeHealth.com", "MintHealth.com", and "PermanentHealth.com" are similar generic domains that are owned by Plaintiff.

12.     Defendant UHS has no registered U.S. trademarks for "Prominence Health" while Plaintiff's domain name is **"ProminenceHealth.com"** which is made up of 2 common words.  A USPTO Trademark search using TESS (Trademark Electronic Search System) for the terms "Prominence Health" provides "zero" registered results.  On June 2, 2021, Complainant applied for a trademark at the U.S.P.T.O. for "Prominence Health" and made no claim for the exclusive use of the word "health".  That trademark has not yet been registered.  [EXHIBIT A].  In fact, on September 6, 2022, U.S.P.T.O. notified that the Application for the Trademark has been abandoned for failure to file a Statement of Use. [EXHIBIT B].

13.     On October 21st, 2022, Defendant filed a Complaint thereby initiating an arbitration proceeding against Plaintiff with the World Intellectual Property Organization (WIPO) in accordance with the Uniform Domain Name Dispute Resolution Policy ("UDRP") adopted by the Internet Corporation for Assigned Names and Numbers ("ICANN") against the Plaintiff for the domain name **ProminenceHealth.com.**  On or about October 21st, 2022, the registrar of the domain name, Godaddy.com "locked" the domain name, thereby prohibiting Plaintiff from utilizing the domain name in accordance with the uses typically enjoyed by a registrant of a domain name.  The action to "lock" the domain name was in accordance with the UDRP and associated procedures.

14.     On January 12, 2023, the WIPO panel assigned to the case rendered a decision requiring the transfer of the domain name to Defendant. (WIPO Arbitration and Mediation Center Case No. D2022-3835) [EXHIBIT C].  As of the date of the filing of this First Amended Complaint, the domain name continues to be "locked" pending the transfer of the registration to the Defendant pursuant to the UDRP decision.

15.     Plaintiff's use of the term as a domain name has not traded upon any goodwill or reputation enjoyed by Defendant as it relates to the products that Defendant offers, nor

is there any possibility of confusion between the products offered by Defendant to the general public. Further, Defendant did not cite one instance of consumers being confused by Plaintiff's web site and Defendant's web site.

16. Plaintiff's use of **ProminenceHealth.com** as his chosen domain name is a fair or otherwise lawful use of the term.

17. At no time, did Plaintiff trade upon or use Defendant's trademarks for "Prominence Health".

18. At no time did the Plaintiff register or use the domain name **ProminenceHealth.com** in "Bad Faith" as defined by 15 U.S.C. §1125.

19. Due to the impending transfer of the domain name to the Defendant pursuant to the Decision by the WIPO Panel, Plaintiff is now forced to bring this action to protect its rights in its intellectual property. Plaintiff has had to retain counsel and incur substantial fees and costs to bring this suit.

20. Because WIPO has directed that the **ProminenceHealth.com** domain name be transferred to Defendant, this Court has jurisdiction under 15 U.S.C. §1114(2)(D)(v) to determine whether Plaintiff's registration and use of **ProminenceHealth.com** is unlawful under the ACPA and the Lanham Act.

21. Based on the facts set forth herein, an actual controversy has arisen and now exists between Plaintiff and Defendant regarding whether or not Plaintiff's use of the term **ProminenceHealth.com** as its domain name infringes Defendant's trademarks and/or constitutes trademark dilution and/or can serve as the basis for any relief under any Federal or state law.

22. Plaintiff has never sold, transferred, or trafficked in the domain name. Nor has Plaintiff at any time specifically offered to sell the domain name to Defendant, though the domain name, along with other domain names registered by Plaintiff are available for sale.

23. At all times, Plaintiff utilized the domain name in a bona fide manner for bona fide purposes.

5

24. Plaintiff did not have any intent to divert consumers from the mark owner's online location to a site accessible under the domain name that could harm the goodwill represented by the mark, either for commercial gain or with the intent to tarnish or disparage the mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site.

25. Plaintiff did not provide material and misleading false contact information when applying for the registration of the domain name. Plaintiff did not fail to maintain accurate contact information with respect to the domain name in question or with respect to any other domain name.

26. Plaintiff's use of **ProminenceHealth.com** as its chosen domain name is a fair or otherwise lawful use of the term.

27. Because of the actions of Defendant, and its claims of trademark infringement and dilution, Plaintiff faces losing valuable rights in its Internet domain name.

## FIRST CLAIM FOR RELIEF
### Declaratory Relief – No Violation of the Lanham Act, 15 U.S.C. §1125 (d)

28. Mira Holdings, Inc. incorporates by reference the factual allegations set forth in Paragraphs 7 through 26 above.

29. The ACPA, provides a cause of action for a registrant whose domain name has been suspended, disabled, or transferred by which the registrant may sue for a declaration that the registrant is not in violation of the Act and for injunctive relief to the domain name registrant, including the reactivation of the domain name. 15 U.S.C.§ 1114(2)(D)(v).

30. Section 1114(2)(D)(v) provides a registrant who is threatened with the loss of his domain name under the UDRP with a cause of action for an injunction returning the domain name if the registrant can show that the registrant is in compliance with the ACPA.

31. Defendant does not have a registered U.S. Trademark for "Prominence Health" nor did it have such a right at the time Plaintiff registered the domain name.

32. Plaintiff did not register the domain name **ProminenceHealth.com** with the bad faith intent to profit from the goodwill of defendant as "Bad Faith" is defined in 15 U.S.C. §1125(d)(1)(A)(1).

33. Plaintiff is entitled to have the unencumbered use of the domain name **ProminenceHealth.com** and to have the domain name reactivated and to have any and all suspensions or transfers terminated and prohibited.

34. The Defendant intentionally misrepresented to the UDRP Panel that the disputed Domain Name was used to attract, for commercial gain, Internet users to the Plaintiff's website or other on-line locations, creating the possibility of confusion with the mark of the Defendant as to the source or commercial origin of those products, though Defendant knew that there were no products of Defendant or Defendant's competitors being promoted by Plaintiff.

35. As a direct and proximate result of Defendant's wrongful conduct, Mira Holdings, Inc. has been and will continue to be damaged.

36. Unless this Court issues a Declaratory Judgment that Plaintiff is entitled to maintain registration of its Domain Name, **ProminenceHealth.com**, the transfer of the Domain Name to Defendant will damage Plaintiff irreparably. Mira Holdings, Inc. has no adequate remedy at law.

37. Defendant's acts make this an exceptional case under 15 U.S.C. §1117(a), and Mira Holdings, Inc. is thus entitled to an award of attorney's fees and costs.

38. Alternately, Mira Holdings, Inc. is entitled to elect statutory damages instead of actual damages and profits, pursuant to 15 U.S.C. §1117 (d).

### SECOND CLAIM FOR RELIEF
### Injunctive Relief– 15 U.S.C. §1114(2)(D)

39. Mira Holdings, incorporates by reference the factual allegations set forth in Paragraphs 7 through 26 above.

40. Section 1114(2)(D)(iv) provides that when a registrar takes an action to transfer a domain name "based on a knowing and material misrepresentation by any other

7

1 person that a domain name is identical to, confusingly similar to, or dilutive of a mark, the person making the knowing and material misrepresentation shall be liable for any damages, including costs and attorneys' fees, incurred by the domain name registrant as a result of such action."

41. Section 1114(2)(D)(v) provides a registrant may "file a civil action to establish that the registration or use of the domain name by such registrant is not unlawful under this Act." Under this section, a "court may grant injunctive relief to the domain name registrant, including the reactivation of the domain name or transfer of the domain name back to the domain name registrant."

42. Mira Holdings' registration and use of the domain Name **ProminenceHealth.com** was not unlawful under Title 15, United States Code, § 1114(2)(D)(v).

43. The UDRP Decision is due no deference in this court, which must perform a de novo review of the allegations herein presented.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

A. For an Order directing the registrar GoDaddy.com to take all action necessary to enable the domain name **ProminenceHealth.com**; to reactivate the domain name; to discontinue any suspension of the domain name; and to refrain from transferring the domain name from Plaintiff to Defendant;

B. For a declaration from this Court that Plaintiff's registration, use and possession of the domain name **ProminenceHealth.com** neither infringes defendant's trademarks, nor dilutes the trademarks in any manner nor constitutes a violation of any Federal or State law;

C. For a declaration from this Court that Plaintiff may continue to use and enjoy its chosen domain name without interference of any type by the Defendant;

D. For injunctive relief prohibiting Defendant from interfering with or challenging Plaintiff's registration, possession or use of the subject domain name;

GINGRAS LAW OFFICE, PLLC
4802 E. RAY ROAD, #23-271
PHOENIX, AZ 85044

1    E.   For attorney's fees and costs incurred by the Plaintiff in bringing this
2 action; and
3    F.   For such other relief as this Court may deem just and proper.
4 DATED: February 15, 2023

**GINGRAS LAW OFFICE, PLLC**

_David S. Gingras, Esq._
**Gingras Law Office, PLLC**
4802 E. Ray Road, #23-271
Phoenix, AZ 85044
Tel.: (480) 264-1400
Fax: (480) 248-3196
David@GingrasLaw.com

**LAW OFFICE OF HOWARD NEU, P.A.**

  /s/Howard Neu
Howard Neu, Esq.
FLA BAR NO. 108689
**Law Office of Howard Neu, P.A.**
4839 S.W. Volunteer Road
Suite 512
Southwest Ranches, FL 33330
PHONE 954-662-1816
FAX 954-337-2324
Howard@NeuLaw.com

Attorneys for Plaintiff
Mira Holdings, Inc.

**JURY DEMAND**

Demand for Jury Trial Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury of all issues so triable.