David S. Gingras, Esq. #021097
**Gingras Law Office, PLLC**
4802 E. Ray Road, #23-271
Phoenix, AZ 85044
Tel.: (480) 264-1400
Fax: (480) 248-3196
David@GingrasLaw.com

Howard Neu, Esq. (Admitted *Pro Hac Vice*)
FLA BAR NO. 108689
Law Office of Howard Neu, P.A.
4839 S.W. Volunteer Road, Suite 512
Southwest Ranches, FL 33330
Tel.: (954) 662-1816
Fax: (954) 337-2324
Primary: howard@neulaw.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Mira Holdings, Inc, A Minnesota Corporation, <br><br> Plaintiff, <br><br> v. <br><br> UHS of Delaware, Inc., a Delaware corporation, <br><br> Defendant. | Case No. 23-cv-169-MTL <br><br> **JOINT PROPOSED CASE MANAGEMENT REPORT** |

Pursuant to this Court's April 11, 2023 Order (Doc. 17) (the "Order"), the Parties respectfully submit the following Joint Proposed Case Management Report.

1. **Counsel who attended the Rule 26(f) Conference and assisted in developing the Joint Proposed Case Management Report**

    a. **Plaintiff**

    Howard Neu, Esq. and David S. Gingras, Esq.

b. **Defendant**

Andrew F. Halaby and Kacie Donovan attended the Rule 26(f) conference. Marc Trachtenberg assisted them with preparation of this joint case management plan.

2. **Parties in the Case**

a. **Plaintiff**

Mira Holdings, Inc. a Minnesota Corporation

b. **Defendant**

UHS of Delaware, Inc., a Delaware corporation ("UHSD")

3. **Nature of the Case**

The parties provide the following preliminary summary of the elements of the claims alleged and the affirmative defenses asserted. This is not intended to be a complete briefing of all issues; rather it is intended simply to identify and describe the general nature and character of the claims and defenses. Each party reserves the right to assert contentions of law or fact that may vary from this preliminary summary based upon additional research or analysis, developments in the case or developments in applicable law.

a. **Plaintiff's Position**

This is an action for Declaratory Judgment under the Lanham Act 15 U.S.C. §1114(a) and §1125(a), as well as a finding of Reverse Domain Name Hijacking and Abuse of Process under 15 U.S.C.§1114(2)(D)(v). Defendant consented to the jurisdiction of this court in its Complaint the World Intellectual Property Association (WIPO) under the Uniform Domain Dispute Resolution Policy (UDRP).

The Anticybersquatting Consumer Protection Act (ACPA) provides a cause of action for a Registrant whose domain name has been suspended, disabled or transferred by which the Registrant (Plaintiff) may sue for a declaration that the registration is not in violation of the Act and for injunctive relief, including reactivation of the domain name.

At the time that Plaintiff registered the domain name ProminenceHealth.com, Defendant did not have a registered trademark for "Prominence Health". Plaintiff did not

register the domain name with the "Bad Faith" intent to profit from the goodwill of Defendant.

Defendant intentionally misrepresented to the UDRP panel that the domain name was used to attract, for commercial gain, users to the Plaintiff's web site, creating the possibility of confusion with the Defendant's marks. Defendant does not now or ever had a trademark for "Prominence Health".

Unless this Court issues a Declaratory Judgment that Plaintiff is entitled to maintain registration of its domain name, the transfer of the domain name to the Defendant will irreparably harm the Plaintiff and deprive Plaintiff of a valuable asset.

Defendant's acts make this an exceptional case under 15 U.S.C. §1117(d) which allows for an award of attorneys fees and costs.

Plaintiff also seeks Injunctive Relief under 15 U.S.C.§1114(2)(D)(iv). When a registrar is required by a UDRP panel to transfer a domain name based at least partially on a knowing and material misrepresentation that a domain name is identical to, confusingly similar to, or dilutive of a mark, the party making the knowing and material misrepresentation shall be liable for any damages, including costs and attorneys fees incurred by the Registrant (Plaintiff). The UDRP Decision is due no deference in this Court, which must perform a *de novo* review.

b. **Defendant's Position**

Plaintiff is a cyberpirate. *See* 15 U.S.C. § 1125(d)(1)(A)("registers, traffics in, or uses" a domain name that…is identical or confusingly similar to [a] mark" with "bad faith intent to profit from that mark"). Plaintiff registers domain names consisting of or including others' registered marks as, in this case, UHSD's mark PROMINENCE HEALTH. Plaintiff trades on the goodwill in those marks by parking them on, and earning revenues from, a monetization service. That Plaintiff does so through a parking service does not make Plaintiff's conduct any less wrongful. UHSD sought relief under the UDRP and prevailed. Unhappy with that result, Plaintiff has decided to sue in this forum, gambling that UHSD will decide it is more cost-effective to buy the domain from

Plaintiff than to defend its rights under the law. Even were Plaintiff correct on that front — Plaintiff is not — this case is "exceptional" within the meaning of the Lanham Act, meaning that when UHSD prevails on the merits, it will be entitled to an award of its attorneys' fees. *See* 15 U.S.C. § 1117(a); *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545 (2014) (explaining application of "exceptional case" standard in patent infringement context); *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559 (2014) (addressing standard of review in same context); *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179 (9th Cir. 2016) (applying *Octane* and *Highmark* standard to Lanham Act case); *Hinton v. Completely Innocent LLC*, No. CV-21-01019-PHX-SPL, 2022 WL 1265924 (D. Ariz. Apr. 28, 2022) (same); *Trident Inv. Partners Inc. v. Evans*, No. CV-20-01848-PHX-DWL, 2021 WL 75826 (D. Ariz. Jan. 8, 2021) (same).

Here, Plaintiff has no basis to assert liability under 15 U.S.C. § 1114(2)(D)(iv). That statute requires that UHSD have made a "knowing and material misrepresentation" leading to certain actions by the domain name registrar. UHSD did not make any such misrepresentation, and moreover, the amended complaint contains no plausible factual basis for asserting otherwise. UHSD has made this deficiency known to Plaintiff, to no avail. (*See* Email Exchange, attached as Exhibit A.)[1]

Nor does Plaintiff plead a plausible claim for relief under 15 U.S.C. § 1114(2)(D)(v). That statute requires that Plaintiff prove its registration of the domain was "not unlawful." Here, at a minimum, UHSD owns common law rights in the PROMINENCE HEALTH mark as used in connection with health insurance administration, health care plan administration, and healthcare and medical services, and has since at least 2014 — seven years before Plaintiff registered the *prominencehealth.com* domain. UHSD also owns a valid and subsisting federal

---

[1] Plaintiff asserts Exhibit A is incomplete and does not reflect additional correspondence pertaining to the same issue. Accordingly, while Plaintiff does not believe it is necessary or appropriate for the Court to consider the underlying merits at this stage, attached hereto as Exhibit B is a longer, more complete version of the emails exchanged between counsel concerning the issues raised by Defendant.

registration for the mark PROMINENCE HEALTH PLAN (United States Reg. No. 4,846,923) for those same services. Plaintiff will not be able to prove its use was "not unlawful" under these circumstances.

### 4. Description of Factual and Legal Disputes

#### a. Plaintiff

On April 15, 2021, Plaintiff registered the domain name **ProminenceHealth.com. Defendant had** registered the trademarks "Prominence Health Plan" in 2015, and "Here's to Health From Prominence Health Plan" in 2016, but it did not apply for a trademark with the U.S.P.T.O. for "Prominence Health" until June 2, 2021, and made no claim for the exclusive use of the word "Health". On September 2, 2021, USPTO notified the Defendant that the application for trademark has been abandoned for failure to file a Statement of Use.

In order to prevail in their attempt to capture the domain name away from the Plaintiff, the Defendants must prove that the domain was registered in bad faith. At the time the Plaintiff purchased the domain name, it had been used by a now-defunct company, which had given up the name at auction. The Plaintiff is a Domain Name investor with more than 1,000 domain names which it sells or leases. Plaintiff also owns other like domains including CooperativeHealth.com, MintHealth.com and PermanentHealth.com, and previously owned UniversityHealth.com, which Plaintiff sold for $66,000 in 2022. Thus, Plaintiff's domain name ProminenceHealth.com is a valuable asset. Prior to bidding on the domain, the Plaintiff checked TESS for trademarks and found that there were no trademark issues with the domain.

Subsection 1125(d)(1)(B)(ii) of the Anticybersquatting Consumer Protection Act (ACPA) provides an absolute defense by prohibiting a finding of bad faith where "the court determines that the person believed and had reasonable grounds to believe that the use of the domain name was a fair use or otherwise lawful." Thus, the Plaintiff will ultimately prevail because Plaintiff believed, and had reasonable grounds to believe, that

1  the use of the domain name was a fair use or otherwise lawful and he did not register or
2  use it in "Bad Faith" as defined by §1125 of the ACPA.
3  //
4  //

### b. Defendant

See Section 4(b), above. *Ipso facto*, a "Domain Name investor with more than 1,000 domain names which it sells or leases," including domains such as "ProminenceHealth.com," "MintHealth.com," etc., is engaging in cyberpiracy, i.e., trading on the goodwill in another's mark with bad faith intent to profit. *See* 15 U.S.C. § 1125(d)(1)(A)(i). The notion advanced by Plaintiff in its amended complaint, that the PROMINENCE HEALTH mark is generic, is absurd. *See USPTO v. Booking.com B.V.*, 140 S.Ct. 2298 (2020). So is the notion that Plaintiff's purported trademark search somehow absolves Plaintiff from liability. First, a search for PROMINENCE HEALTH in TESS, as Plaintiff alleges it did, turns up UHSD's registration. Second, as Plaintiff surely knows, ACPA does not limit liability to domains that are identical to registered marks. Rather, the ACPA covers domain names that are "identical or confusingly similar" to either registered or common law marks. Plaintiff was on inquiry notice of UHSD's rights; it may not simply put its head in the sand and maintain, contrary not only to law but any colorable interpretation of the law, that not seeing a registration for PROMINENCE HEALTH alone somehow absolves it of liability.

Plaintiff's assertion of an "absolute defense" if it "believed, and had reasonable grounds to believe, that the use of the domain name was a fair use or otherwise lawful," is similarly insupportable. The statute requires any such belief to be "reasonable"; here, for all the foregoing reasons, it is not. Moreover, UHSD believes that if the case proceeds past the dismissal motion stage, discovery will reveal that Plaintiff did not, in fact, have a genuine belief its registration and use of *prominencehealth.com* was a fair use or

GINGRAS LAW OFFICE, PLLC
4802 E. RAY ROAD, #23-271
PHOENIX, AZ 85044

1  otherwise lawful. What Plaintiff refers to as its "intellectual property" (First Am. Compl.
2  ¶ 19) is only "intellectual property" in the sense that reflects *UHSD's goodwill in its*
3  *mark*. UHSD believes discovery will reveal that Plaintiff's domain registration program
4  is nothing but a shakedown scheme, where Plaintiff gambles that mark holders would
5  rather pay Plaintiff off than litigate Plaintiff's trademark rights.
6      Finally, Plaintiff's invocation of its search as well as its interpretation of its
7  search, as well as its supposed good faith defense, puts the advice of its counsel into
8  issue. *E.g.*, *State Farm Mut. Auto. Ins. Co. v. Lee*, 199, Ariz. 52, 13 P.3d 1169 (Ariz.
9  2000) (en banc).

10  **5. Jurisdictional Basis**
11      Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction because
12  the claims at issue arise under federal law, specifically the Lanham Act 15
13  U.S.C.§1114(2)(D)(iv) and 15 U.S.C.§1125(a) and the Anticybersquatting Consumer
14  Protection Act 15 U.S.C.§1114(2)(D)(v) and 15 U.S.C.§1125(d).

15  **6. Unserved Parties**
16  None.

17  **7. Additional Parties/Amendments to Pleadings**
18      No additional parties are anticipated to be added by either party. The Defendant
19  has not yet filed a pleading in this case

20  **8. Contemplated Motions and Statement of Issues to Be Decided by those**
21      **Motions**

22      a. **Plaintiff**
23      Defendant has not yet filed a responsive pleading, so it is not possible for Plaintiff
24  to know what motions, if any, may be necessary.

25      b. **Defendant**
26      UHSD intends to file a Rule 12 motion directed to Plaintiff's failure to plausibly
27  allege liability under 15 U.S.C. § 1114(D)(2)(iv) or (v). UHSD notes its dialogue with
28  counsel for Plaintiff (see Exhibit A), who essentially conceded that Plaintiff had

GINGRAS LAW OFFICE, PLLC
4802 E. RAY ROAD, #23-271
PHOENIX, AZ 85044

mistakenly attributed to UHSD statements made by the Panel in another UDRP proceeding for a different domain, yet insists on pursuing a (iv) claim without any factual basis at all.  UHSD anticipates this case will end at the Rule 12 motion stage, whereupon the UDRP outcome in favor of UHSD will stand.  To the extent the Court concludes otherwise, UHSD expects to file one or more summary judgment motions grounded on the absence of a genuine dispute of material fact as to, at a minimum, (1) its trademark rights in the PROMINENCE HEALTH mark, (2) the absence of any conduct qualifying as a knowing and material misrepresentation, and (3) Plaintiff's inability to establish that its registration and use of the *prominencehealth.com* domain is not unlawful.

**9.     The Prospects for Settlement and Potential Methods for Conducting Settlement**

　　a. **Plaintiff**

The parties have already discussed settlement, and have been unable to reach any agreements. Plaintiff would consent to this matter being referred to a United States Magistrate Judge solely for the purpose of a settlement conference.

　　b. **UHSD**

UHSD sees no point in taking the time of a Magistrate Judge, or any other neutral, to conduct a settlement conference in this matter.  Plaintiff's business is to register domain names, hold up mark owners to buy them, and earn profits by parking them in the meanwhile.  UHSD has no current plans to allow itself to be held up in this way.

**10.    Suitability for Reference to Special Master or United States Magistrate Judge**

Plaintiff does not believe this case is suitable for reference to a U.S. Magistrate Judge, other than for purposes of conducting a settlement conference.

UHSD does not believe this case is suitable for reference to a special master or United States Magistrate Judge for any purpose.

**11.    Status of Related Cases**

　　a. **Plaintiff**

Plaintiff maintains there are no related cases.

### b. UHSD

UHSD understands that Plaintiff is a frequent federal court litigant pursuing similar lawsuits against other mark holders who have prevailed in UDRP proceedings. UHSD maintains that the pursuit of these lawsuits evidences Plaintiff's bad faith intent to profit. UHSD maintains that all Plaintiff's litigation where plaintiff seeks declaratory relief under 15 U.S.C. § 1114(2)(D) is "related" within the meaning of the Court's order setting scheduling conference, and that Plaintiff should be required to identify all such cases, and their status, here.

**12.   Issues Relating to Preservation, Disclosure, or Discovery of Electronically Stored Evidence**

### a. Plaintiff

None.

### b. Defendant

UHSD is aware of no such issues at this time. Based on what it knows now, at least, UHSD does not anticipate that metadata will play a substantial role in discovery or proof of the merits. UHSD anticipates that this case will be resolved in its favor at the dismissal stage. If it is not, UHSD anticipates that any pertinent email communications will be produced in .pdf form or, if sufficiently voluminous, in .pst form with load file including appropriate data fields.

**13.   Issues Relating to Claims of Privilege or Work Product**

The parties do not anticipate any issues at this time.

**14.   Necessary Discovery Within the Scope of Rule 26(b)(1)**

### a. Plaintiff

> i.   *The extent, nature, and location of discovery anticipated by the parties and why it is proportional to the needs of the case.*

Plaintiff anticipates discovery in the form of Admissions, Production, Interrogatories and Depositions to determine the facts of the case.

> ii. *Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure.*

None at this time.

> iii. *Number of hours permitted for each deposition, unless extended by agreement of the parties.*

Each deposition shall be limited in duration to no longer than one day of seven (7) hours of testimony, unless the parties otherwise agree or the Court otherwise orders as discussed below.

b. **Defendant**

As explained above, if this case proceeds past the dismissal stage, UHSD expects to take comprehensive discovery from Plaintiff regarding what Plaintiff calls its "business of acquiring and using" or "investing" in domain names (First Am. Compl. ¶ 8), including but not limited to other domains it has registered, domain-related lawsuits it has pursued, and corresponding settlements it has reached with other mark holders. UHSD also expects to take third-party discovery from Bodis, whom UHSD identifies as its "monetizer" of the *prominencehealth.com* and other domain names in which Plaintiff "invests," on the financial and other contractual terms between UHSD and Bodis. UHSD also expects to seek identification of any other "monitizers" or "parking services" used by Plaintiff, and to obtain similar third-party discovery from them. UHSD also expects to take discovery from Plaintiff's counsel regarding (a) the basis for its purported belief that its registration of the *prominencehealth.com* domain, and other similar domain names, was not unlawful, as well as (b) Plaintiff's alleged search, and interpretation of the results of that search, for rights in the mark PROMINENCE HEALTH. UHSD believes that, at a minimum, it will require a Rule 30(b)(6) deposition from Plaintiff, deposition(s) from Plaintiff's principal(s) (whose identities are to be determined), a third-party Rule 30(b)(6)

deposition of Bodis, and a deposition of Plaintiff's counsel. Conventional document and deposition discovery also will be required from Plaintiff's expert(s), if any. UHSD does not believe any changes from the discovery limitations provided for by the rules, including length of deposition, are warranted. UHSD submits that the proportionality of the foregoing discovery is self-evident, in view of the issues in this case as described above.

15. **Proposed Timeline for Certain Deadlines**

The parties have agreed to the following schedule, which is based on the premise that UHSD's dispositive motion, expected to be filed after submission of this joint case management plan but before the Rule 16 scheduling conference, will take the Court some time to resolve.

| Event | Proposed Date |
|---|---|
| Amendment of Pleadings | None, subject to any ruling by the Court on UHSD's expected motion to dismiss. |
| Initial Disclosure | 10 days after pleadings close |
| Last Day to Lodge Joint Protective Order | 9/1/23 |
| Fact Discovery Cutoff | 5/1/24 |
| Initial Expert Disclosures Due | 3/1/24 |
| Rebuttal Expert Disclosures Due | 4/1/24 |
| Expert Discovery Cutoff | 5/1/24 |
| Dispositive Motion Deadline | 6/3/24 |
| Settlement Talk Deadline | 12/1/23 |
| Joint Mediation Plan | N/A (see § 9.b, above) |

17. **Jury Request**

Plaintiff has requested a jury trial. UHSD has not.

18. **Estimated Length of Trial and Suggestions for Shortening Trial**

The parties agree a four day trial, including voir dire and jury selection, will be required. The parties view this as the shortest amount of time required to try the case.

19. **Additional Suggestions, if any, to Expedite Disposition of this matter.**

11

The parties do not presently have suggestions for simplifying or expediting disposition of the case beyond the matters noted above.

**RESPECTFULLY SUBMITTED** this 1<u>st</u> day of May 2023.

          **GINGRAS LAW OFFICE, PLLC**

          <u>/s/ David S. Gingras</u>
          David S. Gingras, Esq.
          **Gingras Law Office, PLLC**
          4802 E. Ray Road, #23-271
          Phoenix, AZ 85044
          Tel.: (480) 264-1400
          Fax: (480) 248-3196
          David@GingrasLaw.com

          <u>/s/ Howard Neu</u>
          **Howard Neu, Esq.** (pro hac vice)
          FLA BAR NO. 108689
          Law Office of Howard Neu, P.A.
          4839 S.W. Volunteer Road
          Suite 512
          Southwest Ranches, FL 33330
          PHONE 954-662-1816
          FAX 954-337-2324
          Primary: howard@neulaw.com

          Attorneys for Plaintiff
          Mira Holdings, Inc.

          **GREENBERG TRAURIG, LLP**

          <u>Andrew F. Halaby</u>
          Andrew F. Halaby, Esq.
          Kacie Donovan, Esq.
          **2375 East Camelback Road, Suite 2375**
          4802 E. Ray Road, #23-271
          Phoenix, AZ 85016
          Tel.: (602) 445-8000
          halabya@gtlaw.com

          Attorney for Defendant
          UHS of Delaware, Inc.

GINGRAS LAW OFFICE, PLLC
4802 E. RAY ROAD, #23-271
PHOENIX, AZ 85044